FILED
2006 May-11  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES STEEL CORPORATION and U.S. STEEL MINING COMPANY, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV-04-HS-0065-S |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) | |
| Defendant | ) ) | |
| MICHAEL H. HOLLAND, et al., Trustees of the UMWA Combined Benefit Fund, | ) ) ) ) ) | |
| Defendant-Intervenors. | ) | |

## MEMORANDUM OF DECISION AND ORDER

The court has before it plaintiffs' November 21, 2005 Rule 56(f) motion to defer consideration of defendant's motion to dismiss, or in the alternative, for summary judgment as to counts IV, V, and VII (doc. 67).

Federal Rule of Civil Procedure 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit

1

>affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

In counts IV, V, and VII of the second amended complaint, plaintiffs maintain that the Social Security Administration ("SSA") erroneously denied appeals of certain miners' assignments and then refused to reconsider its decision on the basis of additional evidence submitted by plaintiffs.  Plaintiffs contend that the three miners involved in these claims should have been assigned to other signatory operators or related parties and that SSA incorrectly assigned them because it failed to recognize the relationships between the various employers of the miners and/or related parties.  (Carney Aff. ¶ 4.)  Mr. Carney, U.S. Steel Corporation's counsel of record, stated in his affidavit that the administrative record does not contain the information necessary for plaintiffs to adequately respond to SSA's motion for summary judgment, and therefore, plaintiffs are seeking to discover information in SSA's records that would corroborate their position.

SSA objects to reopening discovery in this case on the grounds that this case is an appeal of an administrative agency's decision, and judicial review in such cases is limited to the administrative record.  As a general rule, this is correct.  See

Najjar v. Ashcroft, 257 F.3d 1262, 1278 (11th Cir. 2001); Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 87 F.3d 1242, 1246 (11th Cir. 1996).  However, there are certain circumstances that warrant the court's looking beyond the record.  Camp v. Pitts, 411 U.S. 138, 141-42 (1973) (de novo review is appropriate where there are inadequate factfinding procedures in an adjudicatory proceeding); Preserve Endangered Areas of Cobb's History, Inc., 87 F.3d at 1247 n.1 (outlining exceptions to the general rule that the court should only consider the administrative record); Fla. Wildlife Fed'n v. U.S. Army Corps of Eng'rs, 401 F. Supp. 2d 1298, 1307-08 (S.D. Fla. 2005) (A court "may consider additional evidence if it explains the record or if it addresses whether all relevant factors were considered."); Amfac Resorts, LLC v. U.S. Dep't of Interior, 143 F. Supp. 2d 7, 11-12 (D.D.C. 2001) ("Courts have looked beyond the record when it is necessary to determine whether the agency considered all the relevant factors."); Water Works & Sewer Bd. of Birmingham v. U.S. Army Corps of Eng'rs, 983 F. Supp. 1052, 1065 (N.D. Ala. 1997) (discussing exceptions to general rule).

     In the instant case, plaintiffs have alleged that SSA did not consider all of the relevant factors because it failed to look at its own files when it assigned the three miners at issue in counts IV, V, and VII (Joseph Bozic, Max Cadez, and William Cotton).  This allegation, which is supported by an affidavit, evidences

the need for the additional, limited discovery requested by plaintiffs.  Therefore, in the interests of justice and in accordance with Rule 56(f), plaintiff's motion is **GRANTED**.  Defendant SSA's motion for summary judgment is **STAYED** with respect to counts IV, V, and VII ONLY so that plaintiff may conduct necessary discovery with respect to counts IV, V, and VII.  This additional discovery must be completed within **thirty (30) days** of the date that this order is signed.  The parties have **seven (7) days** from the date this order is signed to file any objections.  Additionally, plaintiff has **sixty (60) days** from the date this order is signed in which to file a supplemental brief addressing counts IV, V, and VII, and defendant has **fourteen (14) days** from the date plaintiff files its brief in which to file a reply.  This order does not affect the defendants-intervenors, the trustees of the UMWA Combined Benefit Fund, because their motion for summary judgment only implicates counts II and III of the second amended complaint.

   DONE this the 11th day of May, 2006.

_____
 **VIRGINIA EMERSON HOPKINS**
 United States District Judge