# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES STEEL CORPORATION and U.S. STEEL MINING COMPANY, LLC,** | ) ) ) ) | |
| **PLAINTIFFS,** | ) ) | |
| VS. | ) ) | CV-04-HS-0065-S |
| **JO ANNE B. BARNHART,** **Commissioner of Social Security,** | ) ) ) ) | |
| **DEFENDANT.** | ) | |

## MEMORANDUM OPINION AND ORDER

The court has before it the June 30, 2006 motion (doc. 86) of plaintiffs to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). After reviewing the parties' briefs, the court concludes that plaintiffs' motion is due to be denied.

### I. Procedural History

Plaintiffs United States Steel Corporation ("USS") and United States Steel Mining Company, LLC ("USSM") commenced this action by filing a complaint in this court on January 12, 2004 alleging that defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration ("SSA"), violated the Coal

Industry Retiree Health Benefit Act of 1992, 26 U.S.C. 9701 et seq. ("Coal Act"), by assigning miners to inappropriate signatory operators. (See Compl.) The Trustees of the United Mine Workers of America ("UMWA") Combined Benefit Fund ("trustees") filed a motion to intervene with respect to counts II and III and a brief in support thereof on August 9, 2005 (docs. 53 and 54). The court granted that motion on September 22, 2005 (doc. 61).

On August 5, 2005, defendant filed a motion to dismiss, or in the alternative, for summary judgment (doc. 59). On October 21, 2005, the trustees filed a motion for summary judgment as to counts II and III (the only counts that affected their interests) (doc. 64), and on November 21, 2005, plaintiffs filed a motion for summary judgment as to counts II, III, VI, VIII, IX, XII, XIV, XV, XVI, and XVII (doc. 67). Plaintiffs also filed a motion under Rule 56(f) of the Federal Rules of Civil Procedure to defer consideration of counts IV, V, and VII (doc. 67). The court granted the Rule 56(f) motion on May 11, 2006 (doc. 82). The summary judgment motions regarding counts IV, V, and VII are still pending. On June 20, 2006, however, the court granted summary judgment in favor of defendant as to counts II, III, VI, VIII, IX, XII, XIV, XV, XVI, and XVII and in favor of the trustees' as to counts II and III (doc. 85). Plaintiffs now seek to alter or amend the court's judgment as to counts VI and XIV.

## II.  STANDARD OF REVIEW

"The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed."  Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998).  A party may not "use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).  Essentially, a Rule 59(e) motion will not be granted when a party simply disagrees with the district court's decision but offers no new law or evidence.  See id.  However, there is some authority that Rule 59(e) motions may be granted for the following reasons:  (1) to account for an intervening change in controlling law; (2) to address newly-discovered or previously-unavailable evidence; or (3) to correct a clear error or prevent manifest injustice.  Cover v. Wal-Mart Stores Inc., 148 F.R.D. 294 (M.D. Fla. 1993).[1]

The trial judge has discretion whether to alter or amend a judgment, and her decision will not be overturned on appeal absent abuse of that discretion.  Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985).  "In practice, because of the narrow purposes for which they are

---

[1] District court decisions, even from this district, are not binding authority.

intended, Rule 59(e) motions typically are denied." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (1995).

### III. Relevant Undisputed Facts

The court does not see the need to reiterate the lengthy facts of this case in this opinion.  They are set out in detail in the June 20, 2006 memorandum opinion.

### IV. Analysis

A. <u>Count VI</u>

Plaintiffs have not established that this court should alter or amend its judgment with respect to count VI.  There has been no intervening change in controlling law, and plaintiffs have presented no newly discovered or previously unavailable evidence regarding Argyle's "in business" status.  They seek remand to SSA in order to present evidence that was already in their possession and that could have been raised prior to the entry of judgment.  The court cannot and will not alter its judgment to allow plaintiffs to present such evidence.

Further, it is not necessary to alter or amend this judgment to correct a clear error or prevent manifest injustice.  This court decided, under the appropriate Administrative Procedures Act standard, that SSA's decision with regard to these miners was not arbitrary and capricious.  The court does not say in its opinion that

SSA applied the incorrect standard. In fact, SSA's opinion indicates that it applied the same standard it did in <u>Lindsay Coal Mining Co. v. Chater</u>, 90 F.3d 668 (3d Cir. 1996), where it recognized that the "management of short-term leasing agreements and the active management of investments" constituted business activities. While SSA incorrectly stated in its decision that third-party management of leases and investments works against the company's being "in business," it essentially applied the correct standard and did not act arbitrarily or capriciously in differentiating Argyle's activities from those of the company in <u>Lindsay</u>. In <u>Lindsay</u>, the company was certainly still "in business," as that term is defined under the Coal Act. It received royalties from the lease of coal mines, continued to pay at least one employee, and engaged in a number of other business activities, receiving at least $300,000 a year in revenue. <u>Lindsay</u>, 90 F.3d at 692. In <u>Lindsay</u>, the Third Circuit emphasized that the legislative history of the Coal Act "indicate[d] that the statute was designed to cover just this sort of situation – one entity deriving revenue from other entities' extraction of coal and other minerals from leased property." <u>Id.</u> at 693. There is no such situation in this case. According to SSA's final opinion, Argyle was only receiving passive income from stocks and bonds. Thus, while the court understands that plaintiffs believe this passive income should require SSA to assign these miners to Argyle, this court

simply cannot say that SSA acted arbitrarily or capriciously by distinguishing the instant case from <u>Lindsay</u> and not assigning the miners to Argyle.  Thus, the court's original judgment on this count is not clearly erroneous or manifestly unjust and does not require amendment pursuant to Rule 59(e).

B. <u>Count XIV</u>

Plaintiff has also not established that this court should alter or amend its judgment with respect to count XIV.  While the court agrees that SSA should probably determine, as a matter of policy, whether the production of coke constitutes employment "in the coal industry," altering or amending the judgment in this case is not the appropriate vehicle for it to do that.  Once again, there has been no intervening change in controlling law, and plaintiffs have presented no newly discovered or previously unavailable evidence regarding Peter Sabrese's assignment.

In addition, the judgment does not need to be altered or amended with respect to this count to correct a clear error or prevent manifest injustice.  SSA appears to have correctly followed its procedures in this case.  It received verification from the UMWA that Mr. Sabrese's employment was in fact covered by a coal wage agreement.  The conclusion SSA reached with regard to Mr.

Sabrese's assignment was neither arbitrary nor capricious, and there is no evidence that it should be altered or amended to correct a clear error or to prevent manifest injustice.

Accordingly, plaintiffs' motion to alter or amend the judgment is **DENIED**.

**DONE** this the 31st day of July, 2006.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge